RUMSEY, J.
The motion was granted upon the ground that the damages were insufficient. The jury, when they rendered a verdict for the plaintiff, resolved in her favor $11 the questions of fact on the merits; and it was then their duty to give her such a verdict as would compensate her for the injuries she had received. There is ho doubt that these injuries while they were not perhaps permanent, were grave. The rule in such a case is that, where the jury conclude that the plaintiff is entitled to recover, they must, in assessing the damages to be awarded, consider all the heads of damage in respect of which a plaintiff is entitled to compensation. These áre the bodily injuries sustained; the pain suffered; the effect on the health of the sufferer, according to its degree and its probable duration ; the expenses incidental to an attempt to affect a cure or to lessen the injury; the pecuniary *95 loss sustained through inability to attend to a business, as to which, again, the injury may be temporary or permanent. If they have taken all these elements of damage into consideration, and have awarded what they deem a fair and reasonable compensation under the circumstances of the case, a court ought not, unless under very exceptional circumstances, to disturb their verdict. Phillips v. Railway Co., 4 Q. B. Div. 406. The rules laid down in that case are well sustained, and the case was one which was carefully considered. The court there set aside as inadequate a verdict for plaintiff for £7,000 sterling, holding that the jury must have omitted to take into account some of the heads of damage which they should have considered. The case has become a leading one upon the point involved.
In the case at bar it appeared that Mrs. Brown was a trained nurse by profession, earning from $20 to $25 a week. By the injury, her leg was broken, and she was rendered unable to work. This occurred on March 29th. It • was proven clearly that she was kept from her business for many weeks. The usual pain necessarily accompanied and followed, such an injury. She incurred a doctor’s bill for $108. The jury, finding that she was entitled to a verdict, gave her one for the amount of her doctor’s bill, and no more. The statement of the facts condemns the verdict, and justifies the order. But it is the rule that, when a new trial is granted for error of the jury, costs of the former trial should be imposed upon the party asking for it, as a condition of granting the favor. Bailey v. Park, 5 Hun, 41; O’Shea v. McLear, 16 St. Rep. 482. Because this condition was not imposed, the order must be modified by requiring the plaintiff to pay the costs and disbursements of the former trial, as a condition of granting the new trial, and, as modified, affirmed.
Order modified by inserting that the new trial is granted upon condition that the plaintiff shall pay to the- defendant the costs and disbursements of the former trial; neither party to have costs of this appeal.
All concur.